IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00145-BNB

ALLEN D. BENSON,

    Applicant,

v.

STATE OF COLORADO,
COUNTY OF ARAPAHOE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO SUPPLEMENT APPLICATION

---

Applicant, Allen D. Benson, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Benson has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Benson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Benson will be ordered to supplement the application with additional information.

Mr. Benson is challenging in this action the validity of the sentence he is serving as a result of his conviction in Arapahoe County District Court case number 01-CR-2758. Mr. Benson alleges that he was convicted pursuant to a guilty plea and that he

was sentenced to a total of sixty-one years in prison. In a separate action, Mr. Benson challenges that validity of his sentence in Arapahoe County District Court case number 01-CR-3120. *See Benson v. State of Colorado*, No. 08-cv-00155-BNB (D. Colo. filed Jan. 24, 2008). The two state court cases apparently were combined for sentencing on the same date of November 11, 2002.

The court has reviewed Mr. Main's habeas corpus application and finds that additional information is necessary to determine whether the application is timely filed pursuant to 28 U.S.C. § 2244(d). Mr. Benson asserts in the application in the instant action that he filed a direct appeal from the judgment of conviction, that the Colorado Court of Appeals affirmed the judgment of conviction on June 28, 2007, that the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on October 9, 2007, and that he did not file any postconviction motions. If these dates are correct, it appears that this action is timely. However, for the reasons stated below, it is not clear whether Mr. Benson actually filed a direct appeal. Instead, it appears that he may have filed one or more postconviction motions in state court.

Mr. Benson has attached to the habeas corpus application filed in 08-cv-00155-BNB a copy of a postconviction motion he filed in the Arapahoe County District Court in both 01-CR-2758 and 01-CR-3120. Mr. Benson also has submitted copies of the appellate briefs and petition for writ of certiorari he filed in state court in connection with the postconviction proceedings. Based on information contained in the appellate briefs and the court's own research, it appears that the dates cited by Mr. Benson for his direct appeal actually relate to a postconviction motion. The Colorado Court of Appeals affirmed the denial of a postconviction motion on June 28, 2007, *see People v.*

2

*Benson*, No. 06CA0452, 2007 WL 1847215 (Colo. Ct. App. June 28, 2007), and the Colorado Supreme Court denied Mr. Benson's postconviction petition for writ of certiorari on October 9, 2007, *see People v. Benson*, No. 07SC636, 2007 WL 2917237 (Colo. Oct. 9, 2007).

Therefore, because it is not clear whether Mr. Benson filed a direct appeal, and, if so, when it concluded, it is not clear when his conviction became final. It also is not clear exactly when Mr. Benson filed the postconviction motion referenced above because he lists two separate dates in the appellate briefs attached to the habeas corpus application filed in 08-cv-00155-BNB. Mr. Benson also refers in those appellate briefs to another, prior postconviction motion, but it is not clear when that motion was filed or when it was denied by the state court.

For these reasons, Mr. Benson will be directed to file a supplement to the application that provides the information necessary to determine if this action is timely filed. To summarize, the information the court requires is the date on which the direct appeal concluded, if a direct appeal was filed, and the specific date Mr. Benson filed his postconviction motion. If Mr. Benson has filed more than one state court postconviction motion that is relevant to the sentence he is challenging in this action, he must specify for each postconviction motion when it was filed, when it was denied, and when the state appellate courts issued any decisions in connection with the postconviction motion. Accordingly, it is

ORDERED that Mr. Benson file **within thirty (30) days from the date of this order** a supplement to the habeas corpus application that provides the information requested in this order. It is

FURTHER ORDERED that if Mr. Benson fails to file a supplement to the habeas corpus application that provides the information requested in this order within the time allowed, the action will be dismissed without further notice.

DATED January 30, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00145-BNB

Allen D. Benson
Prisoner No. 54769
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/30/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk